Sheldon Craig JACKSON, Appellant

v.

The CITY OF PHILA. POLICE DE-
PARTMENT, and his two Plain
Clothes Police Officers; Marilyn Mur-
ray, Assistant D.A.

No. 08–4494.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 April 23, 2009.

Opinion filed: May 27, 2009.

Sheldon Craig Jackson, Waynesburg, PA, pro se.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Sheldon Jackson filed this pro se § 1983 action in the Eastern District of Pennsylvania, alleging multiple violations of his constitutional rights in connection with the arrest and prosecution that led to his current incarceration. The District Court dismissed the complaint as *Heck*-barred, and Jackson timely appealed from that order. For the reasons that follow, we will affirm.

On June 15, 2004, Jackson pleaded nolo contendere in the Philadelphia Court of Common Pleas to charges of attempted sexual assault and corrupting the morals of a minor. He was sentenced to an aggregate term of incarceration of six to twelve years. Jackson has attempted, without success, to invalidate his conviction on several occasions over the last four years by way of collateral attack proceedings. In the instant civil action, Jackson claims that Appellees have violated his Fifth and Fourteenth Amendment Due Process rights because his conviction was predicated on their "false information, false arrest, false detention, false conviction, [and] false trial." He also professes his "actual innocence" of criminal wrongdoing.

The doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precludes § 1983 claims whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 487, 114 S.Ct. 2364. The District Court properly concluded that this doctrine applies to Jackson's § 1983 action, as none of the aforementioned prerequisites is present in his case.

There being no substantial question presented by Jackson's appeal, we will summarily affirm the District Court's order. *See* LAR 27.4; I.O.P. 10.6. Jackson's pending motion for summary action is denied.